[761 NYS2d 867]

In the Matter of DANIEL J. SHAPIRO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 30, 2003

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Fredda Fixler Fuchs* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By opinion and order of this Court dated November 3, 1997 (235 AD2d 135), the respondent was suspended from the practice of law for five years, commencing December 15, 1997, following a disciplinary proceeding at which all 10 charges of

professional misconduct against him were sustained. Those charges included disregarding the rulings of a tribunal during a proceeding and failure to cooperate. The respondent thereafter tendered his resignation in the form devised for attorneys who are not the subject of any disciplinary charges and who wish to resign in order to avoid incurring the biennial registration fee. That tendered resignation was rejected by this Court by decision and order on application dated July 12, 2002. By decision and order on application of this Court dated January 13, 2003, the Grievance Committee was authorized to institute and prosecute a second disciplinary proceeding against the respondent, and the issues raised were referred to the Honorable Thomas Sullivan, as Special Referee, to hear and report.

The Grievance Committee now moves for an order finding the respondent in default of his obligation to answer the February 10, 2003, petition, deeming those charges established, and imposing such discipline as this Court deems just and proper. The pending disciplinary proceeding involves allegations of breach of fiduciary responsibilities, conversion, and conduct adversely reflecting upon the respondent's fitness to practice law.

On July 18, 2002, the Grievance Committee apprised this Court that the respondent had failed to furnish an answer to complaints of professional misconduct and failed to reregister with the Office of Court Administration for three consecutive periods commencing in 1998.

In the January 13, 2003, order authorizing the disciplinary proceeding against the respondent, this Court directed the respondent to serve an answer within 10 days after service upon him of a copy of the petition. After unsuccessful attempts to personally serve the respondent, the Grievance Committee effected service pursuant to CPLR 308 (4) on February 13, 2003. To date, the respondent has failed to submit an answer to the petition.

The Grievance Committee submits that the respondent is in default regarding the charges contained in the petition which should be deemed established.

Although served with the Grievance Committee's default motion on March 13, 2003, and March 14, 2003, the respondent has made no reply.

Under the circumstances, the Grievance Committee's motion is granted, the respondent is disbarred on default, and, effective immediately, his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, FLORIO, FEUERSTEIN and SMITH, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Daniel J. Shapiro, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Daniel J. Shapiro, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.